**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

Of Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| KANISHA OVERSTREET, | Case No. 3:17-cv-1565 |
| PLAINTIFF, | **COMPLAINT** |
| v. | UNLAWFUL EMPLOYMENT ACTION |
| CLACKAMAS COUNTY, | Title VII Discrimination, Retaliation and supplemental state law claims |
| DEFENDANT. | |

## I. PRELIMINARY STATEMENT

1.    Plaintiff brings this action to remedy violations of Plaintiff's statutory rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*; Family and Medical Leave Act of 1993 (FMLA) - 29 U.S.C. § 2601 et seq.; Title I of the ADA, 42 U.S.C. § 12112, as well as

PAGE 1 – **COMPLAINT AND DEMAND FOR JURY TRIAL**

supplementary state claims. Plaintiff seeks equitable relief as well as compensatory damages, attorneys' fees and costs.

## II. JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3.      Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

4.      On or about November 29, 2016, plaintiff provided Defendant with Notice of Tort Claim under Oregon law which was sent to the County Risk Manager.. On December 7, 2016, Christina Thacker, Clackamas County Counsel, acknowledged receipt of tort claim notice.

5.      All preconditions to jurisdiction pursuant to 42 U.S.C. §2000e-5 have been satisfied. On January 12, 2017, Plaintiff filed a charge of employment discrimination and retaliation with the Oregon Bureau of Labor and Industries (BOLI), case number DPEMDP170112-10037, for violation of Title VII of the Civil Rights Act of 1964 and Oregon Unlawful Employment Practice. BOLI co-filed a charge with the Equal Employment Opportunity Commission (EEOC), charge number 38D-2017-00249C.

6.      On or about February 23, 2017, Defendant terminated Plaintiff's employment in retaliation. On or about February 24, 2017, plaintiff provided Defendant with a supplemental Notice of Tort Claim under Oregon law which was sent to the County Risk Manager and to Christina Thacker, Clackamas County Counsel.

7.      On March 3, 2017, Plaintiff filed a second charge of employment discrimination

PAGE 2 – **COMPLAINT AND DEMAND FOR JURY TRIAL**

and retaliation with the Oregon Bureau of Labor and Industries (BOLI), case number

EEEMRE170312-10285 for violation of Title VII of the Civil Rights Act of 1964 and Oregon

Unlawful Employment Practice. BOLI co-filed a charge with the Equal Employment Opportunity

Commission (EEOC), charge number 38D-2017-00387C.

8.      On July 6, 2017, BOLI issued Plaintiff a right to sue letter for BOLI case number

DPEMDP170112-10037 and EEOC charge number 38D-2017-00249C.

9.      On July 6, 2017, BOLI issued Plaintiff a right to sue letter for BOLI case number

EEEMRE170312-10285 and EEOC charge number 38D-2017-00387C.

10.     Venue is in the District of Oregon pursuant to 28 U.S.C. §1391(b) because the

claim arose in this Judicial District.

## III. <u>PARTIES</u>

11.     Plaintiff Kanisha Overstreet, aka Kanisha Owens, is a citizen of the United States.

At all times material herein, Plaintiff worked for Defendant in Clackamas County, Oregon.

12.     Defendant Clackamas County is a political subdivision of the State of Oregon.

13.     At all times relevant, Defendant's employees and supervisors as their conduct is

alleged herein were acting within the course and scope of their employment with the defendant.

## IV. <u>GENERAL FACTUAL ALLEGATIONS</u>

14.     Plaintiff is an African-American female. Plaintiff is a former employee of

Clackamas County. She was a civilian employee of the Clackamas County Sheriff's Office and

worked in the Clackamas County Jail.

15.     On November 9, 2015, Clackamas County hired Plaintiff to work at the Clackamas

County Jail as a jail service technician. Plaintiff was the only African-American female jail service

technician and was the only African-American Civilian employee at the Clackamas County Jail.

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

The Sheriff's Office then had only three African-American Corrections Deputies.

16.     Plaintiff had experience with a prior employer performing the five posts in the Clackamas County jail service technician position: booking, probation and parole, sanction desk, court arraignments, and sentencing. Plaintiff's prior experience was while working for the City of Arlington, Texas police department as a civilian detention officer. In that position, Plaintiff performed booking duties, fed inmates, and was a deputy court clerk. She was also responsible for physically controlling the inmates. In August 2010, Plaintiff received a Bachelor's degree in criminal justice.

17.     After Plaintiff was hired in November 2015, Defendant assigned Plaintiff to receive training from a civilian Field Training Officer (FTO) Jennifer Figert, who is Caucasian. Ms. Figert was verbally abusive to Plaintiff. On or about January 7 or 8, 2016, Ms. Figert wrote in the Daily Operations Report that Plaintiff was "argumentative."

18.     On or about January 14, 2016, Plaintiff made a complaint of race discrimination to Lieutenant Barbara McCullough who was in charge of the jail civilian employees. Plaintiff had a meeting with Lieutenant McCullough and Plaintiff's immediate supervisor Kali Steppe in which she complained of race discrimination by her trainer, Figert. Lieutenant McCullough told Plaintiff that she was removing Ms. Figert as her FTO. However, McCullough allowed other employees to retaliate against Plaintiff. Other employees stopped talking to Plaintiff. Employees would not answer her work-related questions. Plaintiff was ignored and bullied.

19.     In February 2016, Plaintiff had another meeting with Lieutenant McCullough and Ms. Steppe. Plaintiff told them that she was being bullied, harassed, and shunned by coworkers and that Plaintiff had a disability. Plaintiff told them that she was having anxiety and panic attacks in which she hyperventilated. Plaintiff told them that her doctor had given her a prescription for

PAGE 4 – **COMPLAINT AND DEMAND FOR JURY TRIAL**

anxiety.

20.     On March 8, 2016, Plaintiff was injured on the job in the jail when she fell. Plaintiff received injuries to her lumbar spine, right hip, and buttocks during that fall. Plaintiff sought medical care and filed a workers' compensation claim. She missed work and then was working light duty eight hours a day. While working on light duty, Ms. Steppe was training Plaintiff on sentencing.

21.     On April 12, 2016, Plaintiff reported to Ms. Steppe that she believed that her trainer, Kait-Lynn Latz, was treating Plaintiff differently because of race. Plaintiff asked Ms. Steppe if she could work in booking on Mondays to avoid contact with Ms. Latz while her complaint was being investigated. Ms. Steppe said, "We will have to have a meeting with Lt. McCullough."

22.     On or about April 12, 2016, Plaintiff again reported race discrimination. Plaintiff attended a meeting with Lt. McCullough and Ms. Steppe in which she again reported race discrimination and made the request for temporary change of assignment while race discrimination was being investigated. Lt. McCullough said, "It doesn't matter; you have to work where we put you. There is nowhere else for you to work."

23.     Three Caucasian coworkers and trainers, Jennifer Figert, Kait-Lyn Lantz, and Terry Engle, told Plaintiff that they went to Ms. Steppe and complained that Plaintiff was getting more training days than Penny Barrick, a Caucasian, who started working seven days before Plaintiff.

24.     At the end of May 2016 through July 1, 2016, Plaintiff's physician reduced her work day to four hours per day due to her on-the-job injury.

25.     On May 26, 2016, Ms. Steppe and Deputy Nall, a training deputy, had a meeting

PAGE 5 – **COMPLAINT AND DEMAND FOR JURY TRIAL**

with Plaintiff over a mistake Plaintiff made. They said they were extending her training because they said Plaintiff was not strong on time computation. Plaintiff asked why she was being held back while other employees who passed probation were also not strong on time computation. Ms. Steppe said, "We are hired at different standards and everyone is held to different standards."

26.    Plaintiff was supposed to be done with training and off probation as of May 31, 2016. Instead of taking Plaintiff off probation on May 31, 2016, Defendant began extending her probation in retaliation for reporting race discrimination, notifying Defendant of her disability, being injured on-the-job, and missing work due to her medical condition. Plaintiff was rescheduled to complete probation on November 10, 2016.

27.    In June 2016, Plaintiff's workers' compensation claim was accepted as a disabling claim. On or about June 16, 2016, Lieutenant Kevin Thies and Sergeant Jennifer Freeman pulled Plaintiff in for a meeting. To Plaintiff's best knowledge, she had not had significant contact with Lieutenant Thies and Sergeant Freeman before and was intimidated by them. Thies and Freeman told Plaintiff that this was Plaintiff's opportunity to be heard about discrimination, retaliation, and bullying and then required her to submit to a recorded interview in which Plaintiff described her work environment as hostile. On or about June 17, 2017, Plaintiff reported to Thies the statement by Steppe that "everyone is held to different standards."

28.    Plaintiff reported a June 22, 2016, interaction she had with her coworker Tammy Garrison, a Caucasian, in which Garrison ridiculed Plaintiff's speech. In that incident, a corrections deputy asked Plaintiff to verify with Tammy Garrison whether an inmate had been released. After Plaintiff repeated the deputy's question to Garrison, Garrison replied by saying "I don't understand you. Can you try to speak clearer? Is it your accent?" which embarrassed and offended Plaintiff. Another coworker, Dawne Hasse, who was present at the time, said that she

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

understood Plaintiff. Plaintiff reported Garrisons' offensive comments to Lieutenant Thies. Plaintiff told Thies that she could not work under harassing conditions, and to stop the harassment or relocate Plaintiff.

29.     On or about June 23, 2016, after Plaintiff met with Thies, Ms. Steppe adversely changed the terms and conditions of Plaintiff's employment, requiring Plaintiff not to work in booking at all and restricting her to working the sanction desk and court.

30.     On Plaintiff's behalf, a coworker, Lorenzo Medina went to Lt. McCullough and asked her to put Plaintiff on the sentencing desk so Plaintiff could practice time computation and complete training because management was assigning Plaintiff to work posts that she had passed. Mr. Medina told Plaintiff that Lieutenant McCullough said, "No. We will not assign her to sentencing desk." To Plaintiff's best knowledge, she was the only civilian trainee not being allowed to observe all posts.

31.     On or about July 13,  2016, Plaintiff escalated the complaints she made of race discrimination with the Sheriff's Office. Plaintiff made a written complaint with Clackamas County Human Resources for race and injured worker discrimination, retaliation, harassment, and bullying.

32.     On August 2, 2016, Plaintiff met with Clackams County Sheriff Craig Roberts, Undersheriff Matt Ellington, and Skip Osbourne, a liaison from the African-American community who is on the NAACP Board. Sheriff Roberts said he agreed Plaintiff was being bullied by other staff. Sheriff Roberts said that he understood that Plaintiff was having panic attacks and anxiety and that she wanted to be placed elsewhere in the County as an accommodation because she could not work in a hostile work environment. Sheriff Roberts said "thank you for bringing this to my attention. I will look into this and I will get back to you." Plaintiff did not hear from the Sheriff

PAGE 7 – **COMPLAINT AND DEMAND FOR JURY TRIAL**

again.

33.     On August 18, 2016, Plaintiff had a meeting with Undersheriff Matt Ellington about her pay and workers' compensation. Plaintiff told Ellington that payroll was exhausting her accrued vacation and sick pay for workers' compensation time off work even though she had an accepted worker's compensation claim.

34.     Plaintiff took medical leave. On September 23, 2016, Dr. Stelmack, Plaintiff's primary treating physician for the on-the-job injury, took her off work until she saw Dr. Ackerman, a surgeon.

35.     Defendant forced Plaintiff to take more medical leave. On October 14, 2016, Plaintiff was released to full duty and Defendant refused to allow her to return to work. On October 14, 2016, Plaintiff saw Dr. Ackerman, who released her to return to work full duty working with or without crutches. Plaintiff turned Dr. Ackerman's release of her return to work to full duty in to Lieutenant Thies. Lieutenant Thies forced Plaintiff to take involuntary medical leave, stating that he would not allow Plaintiff to return to work until she had a doctor's note that said she could return without crutches.

36.     Defendant continued to force Plaintiff to take medical leave. On October 27, 2016, Plaintiff got an updated release from Dr. Ackerman, releasing her to return to work on full duty and that she may use crutches if necessary. Plaintiff handed that release in to Lieutenant Thies. Lieutenant Thies told Plaintiff that he was requiring Plaintiff to present to Dr. Ackerman Clackamas County's own form of Physician's Release. Thies said that he would not allow Plaintiff to return to work until all references to crutches were removed by the doctor. Thies said that he was placing Plaintiff on leave without pay.

37.     On October 29, 2016, Plaintiff asked to return to work. On October 30, 2016, Thies

PAGE 8 – **COMPLAINT AND DEMAND FOR JURY TRIAL**

sent Plaintiff an email saying "My direction is clear. He must fill out that form so I can determine

if we are able to accommodate you. You have been using crutches to move the last 3 (sic) times I

have seen you and have told me that you are still in pain and experiencing movement issues. You

have also told me that you are still moving forward with a hip replacement which leads me to

believe you are not at a full duty status. The notes you have provided states you may use crutches if

necessary. That is not full duty." Defendant and Thies allowed a Caucasian civilian employee,

Mary Jane Moore, to use a cane at work.

38.     Plaintiff asked her doctor to release her to full duty and not reference crutches so

that she would be allowed to return to work. On November 17, 2016, Plaintiff met with Captain

Eby and Deputy Nall. Captain Eby told Plaintiff she could return to work, and that she could only

stand up and stretch her back during her ten minute morning and afternoon breaks. Eby said that

Plaintiff's probation was being extended and was scheduled to be completed by March 11, 2017

because Defendant she had missed work due to her on-the-job injury.

39.     When Plaintiff returned to work on November 17, 2016, Callie Steppe and Deputy

Null, who then was a training supervisor, said that Defendant was requiring Plaintiff to start

training over again from the beginning. Plaintiff was required to sign an FTEP Training

Expectations form that she was told no one else had to sign.

40.     On November 29, 2016, Plaintiff's attorney sent a tort claims notice to Clackamas

County as alleged above, making claim on her behalf against Clackamas County, the Clackamas

County Sheriff's Office, Sheriff Craig Roberts, Lieutenant Kevin Thies, and Lieutenant Barbara

McCullough.

41.     On or about December 1 through 4, 2016, Plaintiff was off work for four days due

to illness. Plaintiff had available vacation and sick time to cover the absences as paid time off.

PAGE 9 – **COMPLAINT AND DEMAND FOR JURY TRIAL**

42.     On or about December 15, 2016, Plaintiff had a meeting with Lieutenant McCullough and Deputy Nall. Plaintiff reported that Jennifer Figert was still harassing Plaintiff. Plaintiff reported that she had a daily duty sheet which Plaintiff marked off as she completed those. She reported that on December 11, 2016, Plaintiff had just finished processing inmates in at booking, and stood up mid-afternoon to stretch her back. When Plaintiff did so, Jennifer Figert rolled her eyes, sighed, and said "Are you going to pull the release list?" Plaintiff replied "Yes, just got up to move around a little." Plaintiff explained that Figert was impatient and was unduly scrutinizing her. Lieutenant McCullough told Plaintiff that her earlier complaint of race discrimination was still being investigated.

43.     On or about December 18, 2016, Defendant assigned a Caucasian male, Travis MacIntyre, to train her. McIntyre constantly scrutinized Plaintiff's work and told Plaintiff that he had been instructed by management to write down everything she said at work in a log. Macintyre told Plaintiff that management instructed him to mark every day on the Daily Operations Reports (DOR) concerning Plaintiff that Plaintiff was 'Not Responding to Training' (NRT). MacIntyre told Plaintiff that he was required to mark Plaintiff as NRT whenever possible because "I am doing what lieutenant and admin is telling me to do." Before having McIntyre as her trainer, Plaintiff knew of only two NRT's given to her by prior trainers, Jennifer Figert and Kali Steppe. Plaintiff complained to management about retaliation.

44.     On January 6, 2017, Plaintiff received her pay check which was $350 short because she had not been paid for the four days she was sick in December 2016. Plaintiff asked Lt. McCullough to restore her pay and to use my sick and vacation time and Lt. McCullough refused.

45.     Plaintiff was off work on January 2 and 3, 2017, due to back and hip pain. On January 4, 2017, Plaintiff's physician authorized her to be off work due to her accepted workers'

PAGE 10 – **COMPLAINT AND DEMAND FOR JURY TRIAL**

compensation claim for an on the job injury.

46.      On January 12, 2017, Travis Macintyre told Plaintiff that she could not write any rebuttals to his Daily Operations Reports at work and Plaintiff could write a rebuttal only if she did so off the clock on her own time. On January 12, 2017, Plaintiff filed an administrative complaint with BOLI as alleged above.

47.      On January 31, 2017, Plaintiff attended a meeting with Lieutenant McCullough and Human Resources to again discuss continuing harassment and bullying by Jennifer Figert, investigation of her complaints of harassment by Jennifer Figert on the basis of race, that Travis MacIntyre told Plaintiff to do work off the clock, and that MacIntyre was behaving in a demeaning manner toward Plaintiff including talking down to her and slamming papers down on the counter saying, "You are not ready to learn. Go take a break." Lieutenant McCullough did not respond to Plaintiff's reports about MacIntyre's demeaning behavior toward Plaintiff.

48.      On or about February 15, 2017, Plaintiff was called into a meeting with Lieutenant McCullough and Lieutenant Hohensee. Lieutenant McCullough gave Plaintiff a written verbal warning for calling in sick for back pain and hip pain on January 2 and 3, 2017. Plaintiff reiterated the back and hip pain was related to her on-the-job injury.

49.      On February 15, 2017, Lieutenant McCullough said that March 11, 2017, was the end of Plaintiff's training and probation. Plaintiff asked if she would be terminated on March 11, 2017, if Clackamas County considered Plaintiff as not having completed training. Lieutenant McCullough said "No. We are going to train you till you get it."

50.      On February 23, 2017, Kali Steppe contacted Plaintiff and said that Captain Derby and Deputy Chief Hoy want to meet with you. Plaintiff went to Deputy Chief Hoy's office. While there, Deputy Chief Hoy and Captain Eby terminated Plaintiff's employment. Deputy Chief Hoy

PAGE 11 – **COMPLAINT AND DEMAND FOR JURY TRIAL**

said Plaintiff was being terminated for not meeting their standards.

## FIRST CLAIM FOR RELIEF

### (Title VII Civil Rights Act of 1964, 42 U.S.C. §2000e-2)

### Count I – Race Discrimination

51.    Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.

52.    At all material times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e (b).

53.    Defendant discriminated against Plaintiff with respect to the terms and conditions of her employment because of Plaintiff's' race.

54.    Defendant had no business necessity in firing Plaintiff because of her race.

55.    Plaintiff is entitled to equitable relief and damages as set forth below.

### Count II – Race Retaliation

56.    Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.

57.    At all material times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e (b).

58.    Defendant discriminated and retaliated against Defendant with respect to the terms and conditions of his employment because Defendant opposed discrimination based on his race.

59.    Plaintiff is entitled to equitable relief and damages as set forth below.

## SECOND CLAIM FOR RELIEF

### (Unlawful Employment Practice – Or. Rev. Stat. § 659A.030(1)(b))

### Count I – Race Discrimination

60.    Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.

61.    In violation of Or. Rev. Stat. § 659A.030(1)(b), Defendant discriminated against

PAGE 12 – **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff with respect to the terms and conditions of his employment because of Plaintiff's race.

62.     Plaintiff is entitled to equitable relief and damages as set forth below.

## Count II – Race Retaliation

63.     Randall realleges all prior relevant paragraphs as if fully set forth herein.

64.     In violation of Or. Rev. Stat. § 659A.030(1)(f), Defendant discriminated and retaliated against Plaintiff with respect to the terms and conditions of her employment because Plaintiff opposed Defendant's race discrimination against Plaintiff.

65.     Plaintiff is entitled to equitable relief and damages as set forth below.

## THIRD CLAIM FOR RELIEF

### (ORS Chapter 659A.199 – Whistleblower)

66.     Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.

67.     Plaintiff reported to Defendant conduct that she believed was evidence of a violation of state or federal law, rule, or regulation.

68.     Defendant discriminated and retaliated against Plaintiff because of the report she made. Defendant's actions violated Or. Rev. Stat. § 659A.199, are an unlawful employment practice, and caused Plaintiff economic and noneconomic damages.

69.     As a result, Plaintiff is entitled to equitable relief and damages as set forth below.

## FOURTH CLAIM FOR RELIEF

### (Title I of the Americans with Disabilities Act)

### Count I – Discrimination

70.     Plaintiff realleges all relevant paragraphs.

71.     At all times material, defendant was an employer for the purpose of, and subject to, the Americans with Disabilities Act (ADA).

PAGE 13 – **COMPLAINT AND DEMAND FOR JURY TRIAL**

72.    Plaintiff has an impairment, which substantially limits one or more major life activities, has a history and/or record of such impairment, and/or was regarded by defendant as having such impairment.

73.    After Plaintiff disclosed Plaintiff's disability to Defendant, Defendant began to discriminate against Plaintiff as alleged above. Said discrimination was based on Defendant's failure to reasonably accommodate Plaintiff, disparate treatment, retaliation, and a hostile work environment.

74.    Defendant failed to engage in the interactive process with Plaintiff.

75.    Plaintiff requested reasonable accommodations from Defendant.

76.    At all relevant times, Plaintiff was able to perform the essential functions of Plaintiff's position, with or without reasonable accommodation.

77.    Defendant conduct violated 42 U.S.C. § 12112.

78.    As a result, Plaintiff is entitled to equitable relief and damages as set forth below.

**Count II - Retaliation**

79.    Plaintiff realleges all relevant paragraphs.

80.    Defendant retaliated against Plaintiff for pursuing Plaintiff's rights in accordance with the ADA. Such actions by Defendant are in violation of the Americans with Disabilities Act.

81.    As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

**<u>FIFTH CLAIM FOR RELIEF</u>**

( Or. Rev. Stat. § 659A.103 et seq. – Oregon Rehabilitation Act)

82.    Plaintiff realleges all relevant paragraphs.

83.    Plaintiff is a 'disabled person' as defined at Or. Rev. Stat. § 659A.104(1).

PAGE 14 – **COMPLAINT AND DEMAND FOR JURY TRIAL**

84.    Defendant is an 'employer' as defined at Or. Rev. Stat. § 659A.106.

85.    After Plaintiff disclosed Plaintiff's disability to Defendant, Defendant began to discriminate against Plaintiff as alleged above. Said discrimination was based on defendant's failure to reasonably accommodate Plaintiff, disparate treatment, retaliation, and a hostile work environment.

86.    Defendant failed to engage in the interactive process with Plaintiff.

87.    Plaintiff could perform the essential functions of Plaintiff's job with Defendant with or without the reasonable accommodations of allowing Plaintiff to continue to work.

88.    Defendant's refusal to provide reasonable accommodations for Plaintiff's known disability constitutes discrimination against Plaintiff due to Plaintiff's disability pursuant to Or. Rev. Stat. § 659A.103 et seq.

89.    As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

## SIXTH CLAIM FOR RELIEF

(Or. Rev. Stat. § 659A.040 – Injured Worker Discrimination and Retaliation)

90.    Plaintiff realleges all relevant paragraphs.

91.    Defendant discriminated and retaliated against Plaintiff by changing the terms and conditions of Plaintiff's employment. Defendant's actions violated Or. Rev. Stat. § 659A.040, are an unlawful employment practice, and caused Plaintiff economic and noneconomic damages.

92.    Defendant's unlawful employment actions were taken against Plaintiff in substantial part because of one or more of the following:

(A)    Plaintiff reported an on-the-job injury;

(B)    Plaintiff applied for benefits, invoked or utilized the procedures provided in

PAGE 15 – **COMPLAINT AND DEMAND FOR JURY TRIAL**

Chapter 656 of Or. Rev. Stat.;

      (C)    Plaintiff was on modified duty for Plaintiff's on-the-job injury as specified by Plaintiff's surgeon and physicians;

      (D)    Plaintiff was on a modified work schedule for Plaintiff's on-the-job injury as specified by Plaintiff's surgeon and physicians; and

      (E)    Plaintiff was temporarily unable to work due to Plaintiff's on-the-job injury as specified by Plaintiff's surgeon and physicians.

93.    As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

## SEVENTH CLAIM FOR RELIEF

(Or. Rev. Stat. § 659A.043 – Failure to Reinstate)

94.    Plaintiff realleges all relevant paragraphs.

95.    Plaintiff's preinjury position existed with defendant and defendant failed to reinstate Plaintiff to Plaintiff's preinjury position in violation of Or. Rev. Stat. § 659A.043. Defendant's failure to reinstate Plaintiff is an unlawful employment practice, resulting in Plaintiff's damages.

96.    Alternatively, if Plaintiff's preinjury position no longer existed, then defendant failed to reinstate Plaintiff to an available and suitable position.

97.    Defendant knew that Plaintiff was released to full duty and refused to allow her to return to work.

98.    As Plaintiff's employer, defendant had a duty to carry out and act in good faith in regards to Plaintiff's right to reinstatement.

99.    As a result, Plaintiff suffered damage and is entitled to the damages and other relief

PAGE 16 – **COMPLAINT AND DEMAND FOR JURY TRIAL**

set forth below.

## DAMAGES FOR CLAIMS ONE THROUGH SEVEN

100.    Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

101.    Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

102.    Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

103.    The court should enter an order declaring that defendant violated 42 U.S.C. §§ 12112 and 2000e, and Or. Rev. Stat. §§ 659A.030, 659A.040, 659A.043, 659A.103 et seq., and 659A.199.

104.    To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

105.    Pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5, Or. Rev. Stat. § 659A.885, and Or. Rev. Stat. § 20.107, Plaintiff is entitled to an award of attorney's fees, expert witness fees and costs incurred herein. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

## EIGHTH CLAIM FOR RELIEF

(FMLA – 29 U.S.C. § 2601 et seq.)

106.    Plaintiff realleges all relevant paragraphs.

107.    Defendant is an 'employer' within the meaning of 29 U.S.C. § 2611(4).

108.    Defendant employed at least 50 employees for each working day during each of 20 or more calendar work weeks in 2015 and 2016.

109.    At all times material, Plaintiff was an 'eligible employee' within the meaning of 29 U.S.C. § 2611(2).

110.    At all times in 2016 and 2017, defendant employed 50 or more employees with 75 miles of the worksite where Plaintiff performed work for defendant.

111.    Plaintiff was employed by defendant for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave.

112.    Plaintiff was employed by defendant for more than 12 months prior to commencing leave.

113.    At all times material, Plaintiff was an 'eligible employee' within the meaning of 29 U.S.C. § 2611(2).

114.    Plaintiff took medical leave protected by the FMLA.

115.    At all material times, Plaintiff suffered from a serious health condition, as defined by 29 U.S.C. § 2611(11).

116.    Defendant interfered, discriminated and retaliated against Plaintiff for engaging in the protected activity of taking leave under FMLA.

117.    Defendant interfered, discriminated and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited

PAGE 18 – **COMPLAINT AND DEMAND FOR JURY TRIAL**

to, terminating Plaintiff and refusing to reinstate Plaintiff to employment.

118.    As a direct and proximate result of defendant's interference, discrimination and retaliation, Plaintiff has suffered lost income and will continue to suffer past and future wages, past and future benefits, and other expenses, all to Plaintiff's economic damages in an amount to be determined at trial.

119.    The court should enter an order declaring that defendant violated the FMLA.

120.    To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

121.    Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A).

122.    Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to an award of attorney's fees, expert fees, and costs incurred herein.

123.    Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## NINTH CLAIM FOR RELIEF

(Oregon Family Leave Act – Or. Rev. Stat. § 659A.150 et seq.)

124.    Plaintiff realleges all relevant paragraphs.

125.    Plaintiff took medical leave protected by the Oregon Family Leave Act (OFLA).

126.    Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the year 2015.

127.    Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the years 2016 and 2017.

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

128.    Immediately prior to commencing family leave in 2016 and 2017 Plaintiff worked for defendant for more than 180 days.

129.    Plaintiff worked an average of more than 25 hours per week for defendant during the 180 days immediately preceding the date on which Plaintiff commenced family leave.

130.    At all material times, Plaintiff had a serious health condition as that term is defined in Or. Rev. Stat. § 659A.150(6).

131.    Defendant interfered, discriminated and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, terminating Plaintiff's employment.

132.    As a result of defendant's interference, discrimination and retaliation against Plaintiff, Plaintiff suffered and continued to suffer economic losses.

133.    Plaintiff is entitled to equitable relief and damages as set forth below.

134.    Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

135.    Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights. Defendants should be assessed punitive damages in an amount as fixed by a jury to punish defendant and to deter such conduct in the future.

136.    The court should enter an order declaring that defendant violated the OFLA.

137.    To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

138.    Pursuant to Or. Rev. Stat. § 659A.885(1) and Or. Rev. Stat. § 20.107, Plaintiff is

PAGE 20 – **COMPLAINT AND DEMAND FOR JURY TRIAL**

entitled to recover Plaintiff's reasonable attorney fees and costs, including expert witness fees.

139.    Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## TENTH CLAIM FOR RELIEF

(Wrongful Termination)

140.    Plaintiff realleges all relevant paragraphs.

141.    Defendant's conduct, as alleged, was in retaliation for Plaintiff assertion of Plaintiff's state and federally protected rights to work in an environment free from discrimination, harassment, and otherwise hostile work environments, and as such constitutes a wrongful discharge under state common law.

142.    Plaintiff's remedies under state and federal statutory law do not constitute a complete remedy for the damage Defendant has inflicted.

143.    As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

144.    Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

145.    Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

146.    Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

should be awarded non-economic damages in an amount determined fair by a jury.

147.    Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights. Defendants should be assessed punitive damages in an amount as fixed by a jury to punish defendant and to deter such conduct in the future.

148.    To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

149.    Pursuant to Or. Rev. Stat. § 20.107, Plaintiff is entitled to an award of attorney fees and expert witness fees.

150.    Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

### PRAYER FOR RELIEF

Plaintiff prays for the following judgment against defendant:

a)    A sum which will fully compensate Plaintiff for Plaintiff's non-economic damages in a sum that is just as determined by a jury;

b)    A sum which will fully compensate Plaintiff for Plaintiff's economic damages in a sum that is just as determined by a jury;

c)    Equitable relief, including but not limited to, reinstatement if Plaintiff so chooses;

d)    Liquidated damages;

e)    Plaintiff's costs and disbursements incurred herein;

f)    Plaintiff's attorney fees; and

g)    For such other and further relief as the Court may deem just and equitable.

PAGE 22 – **COMPLAINT AND DEMAND FOR JURY TRIAL**

**Plaintiff demands a trial by Jury.**

DATED: October 4, 2017

LAW OFFICES OF DANIEL SNYDER

/s/ Daniel Snyder
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 061058
carlpost@lawofficeofdanielsnyder.com
John Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 • Fax: (503) 241-2249
Of Attorneys for Plaintiff

PAGE 23 – **COMPLAINT AND DEMAND FOR JURY TRIAL**